

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 8 1966

Honorable Carol S. Vance
District Attorney
Harris County
Houston, Texas

Dear Mr. Vance:

Opinion No. C-718

Re: City Judge's power as
magistrate to accept com-
plaints, issue warrants and
hold examining trials.

In an opinion request to this office you pose the following questions:

"1. Can a city judge, sitting as a magis-
trate in a case he cannot try as a
judge, but which occurred within the
city, do the following:

    a. Accept complaint?
    b. Issue warrant of arrest on said
       complaint?
    c. Hold examining trial thereon?
    d. Transfer the case to another magis-
       trate within the county for examining
       trial to avoid serious inconvenience
       and delay to the parties.

"2. Can said city judge exercise the same
jurisdiction as a magistrate relating to
offenses which occurred in the county
but outside the city limits?"

All statutory references contained in this opinion are to Vernon's Code of Criminal Procedure.

Article 2.09 includes city judges in the definition of magistrates. Article 2.10 declares that it shall be the duty of all magistrates to issue all process intended to aid in preventing and suppressing crime, and to cause the arrest of all offenders.

Article 15.03 (a) 2 authorizes a magistrate to issue a warrant of arrest "when any person shall make oath be-fore the magistrate that another has committed some offense against the Laws of the State." Article 15.04 defines a complaint to be an affidavit made before a magistrate or

-3462-

district or county attorney charging the commission of an offense.

In view of the above articles, we think it clear that a city judge, in a case which originated within his city, may accept a complaint and issue a warrant of arrest on said complaint even though he would be unable to try the case on its merits.

We have already seen that a city judge is included in the definition of magistrates as set out in Article 2.09. Article 2.11 states that when a magistrate sits for the purpose of inquiring into a criminal accusation, this is called an examining court. It is therefore the opinion of this office that a city judge sitting as a magistrate may hold an examining trial even in a case over which he has no jurisdiction to try on the merits.

It is our opinion that a city judge sitting as a magistrate in a case which originated within the city which he cannot try on its merits may transfer the case to another magistrate within the county for an examining trial to avoid serious inconvenience and delay to the parties. We do not believe that the limitations with regard to the transfer of cases as set out in Articles 4.16 and 4.12, apply to magistrates when sitting as an examining court. In Manning v. State, 284 S.W.2d 903, (Tex. Crim. 1955) it was held that Article 4.16, (then Article 64) did not apply to a Justice of the Peace in a case where the Justice had no jurisdiction to try the case on the merits.

The general rule on preliminary trial transfers as stated at 22, Corpus Juris Secundum, Criminal Law, Section 239 is as follows:

> "Where serious inconvenience and delay
> would ensue, either to the public or to
> the prisoner, by taking him before the
> judge or the justice who has issued the
> warrant, he may be taken before some other
> justice in the same county, and in such
> a case a new complaint and warrant are
> not required."

It is our opinion, therefore, that a city judge, under the circumstances set out in the first question, may transfer the case to another magistrate within the county for examining trial to avoid serious inconvenience and delay

to the parties.

You next ask whether or not a city judge can exercise the same jurisdiction as a magistrate relating to offenses which occurred in the county where he is located but outside the incorporated city limits for which he is city judge. As previously pointed out, a city judge is a magistrate; therefore the question is really not whether the city judge can exercise the same jurisdiction as a magistrate but rather whether a city judge acting as a magistrate has county wide jurisdiction with regard to the questions you raise. We know of no case directly in point but do note that in the case of Hart v. State, 15 Tex. Crim. App. 202 (1883) at page 226 the Court, while speaking of Justices of the Peace as magistrates, states as follows:

> "With regard to the final trial of causes coming within his jurisdiction, whether civil or criminal, the statute evidently contemplates that the action and jurisdiction of the justice's court shall be limited by and to his precinct, unless otherwise expressly authorized by the law in certain exceptional cases. But he is furthermore a 'magistrate', made so by terms of the statute equally with judges of the Supreme Court, Court of Appeals, district and county judges (Code Crim. Proc., Art. 42), and 'when a magistrate sits for the purpose of inquiring into a criminal accusation against any person, this is called an 'examining court'.' (Code Crim. Proc., Art. 63). At such time he is a 'magistrate' and not a 'justice of the peace.' and his court is an 'examining' and not a 'justice's court'. A warrant of arrest may be issued by a judge of the Supreme Court, Court of Appeals, District or County Court, shall extend to every part of the State (Code Crim. Proc., Art. 237); but, when issued by any other magistrate it cannot be executed in any other county, except in certain instances mentioned. (Code Crim. Proc., Art. 238). It may, however, be issued to and executed anywhere in his county outside of as well as in his own precinct. When sitting as an 'examining court.' the law nowhere limits the magistrate, if he be a justice

to his particular precinct; and, not being
limited in this regard, there is no reason
why it was not intended that he should
hold the court in any portion of the county
most convenient for the purposes of the ex-
amination as to the commitment or discharge
of the accused (Code Crim. Proc., Chap. III),
whether the place of the sitting be in the
precinct of another justice, competent and
qualified to act, or not."

It is our opinion, therefore, that a city judge sitting
as a magistrate, may accept a complaint, issue a warrant
of arrest on said complaint, hold examining trials, and/or
transfer the case to another magistrate within the county
for the purposes of an examining trial with regard to any
offense committed within the county in which he is located.

### S U M M A R Y

A city judge sitting as a magistrate has juris-
diction to accept complaints on cases which he
cannot try on the merits, issue warrants of arrest
thereon, hold examining trials, and transfer cases
to other magistrates in the county for purposes
of holding examining trials, in all cases which
have occurred within the county in which he is
located.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Sam Kelley_
Sam Kelley
Assistant Attorney General

SK/lh

APPROVED:
OPINION COMMITTEE:

W. O. Shultz, Chairman
Robert Owen
Gilbert Pena
John Reeves
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL:
BY:  T. B. Wright